

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | KIMBERLY CONWAY<br>General Litigation, Room 2-168<br>Phone: 212-788-0865<br>Fax: 212-788-0877<br>kconway@law.nyc.gov |
|---|---|---|

May 25, 2006

<u>VIA FAX (212) 805-7912</u>
Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Room 1030
New York, New York  10007

   Re: <u>Sanchez v. City of New York</u>,
      05 CV 5466 (JKG)

Dear Judge Koeltl:

  I am an Assistant Corporation Counsel assigned to represent the City of New York in the above-referenced action.  This letter is submitted, pursuant to the Court's Order dated May 1, 2006, to set forth the position of the New York City Human Resources Administration ("HRA") concerning the impact on this case of the Supreme Court's decision in <u>Arkansas Dep't of Health and Human Services v. Ahlborn</u>, No. 04-1506, 2006 U.S. LEXIS 3455 (May 1, 2006).

  Plaintiff here seeks a declaratory judgment that the Medicaid lien that HRA has asserted against plaintiff's settlement proceeds in an underlying tort action is restricted to that portion of the settlement that represents compensatory damages for past medical expenses.  Complaint ¶1.  The proceeds of the settlement are being held in escrow by plaintiff's counsel pending the resolution of this action.  See Supplemental Declaration of Kimberly Conway dated November 7, 2005 at ¶ 3, Exhibit A.  In addition, the parties in the underlying tort action have stipulated that plaintiff is to submit an infant compromise order to the New York State Supreme Court at the conclusion of this action in compliance with this Court's determination and that no monies are to be distributed without further order of the New York State Supreme Court.  See <u>id.</u>

### Impact of Arkansas Dep't of Health and Human Services v. Ahlborn on this case.

As argued in the City's motion to dismiss, and in opposition of plaintiff's motion for summary judgment, New York state law provides that a Medicaid lien attaches to an entire settlement amount notwithstanding what portion of the settlement is allocated to medical expenses. Calvanese v. Calvanese, 93 N.Y.2d 111, 118-21 (1999). However, during the pendency of this action, the U.S. Supreme Court held that federal law limits Medicaid recoveries "to the portion of the settlement that represents medical costs." Ahlborn, 2006 U.S. LEXIS 3455, at *9.

As a result of this change in law, HRA will no longer attempt to collect funds expended for Medicaid benefits on plaintiff's behalf against the entire proceeds of plaintiff's underlying tort settlement. Rather, HRA will collect the funds only against that portion of the settlement amount that represents past medical costs. For the reasons set forth below, defendant now contends that plaintiff's claims in this action have been rendered moot and should, therefore, be dismissed.

### Plaintiff's claims should be dismissed as moot.

When deciding if a declaratory claim is moot, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Preiser v. Newkirk, 422 U.S. 395, 402, 95 S. Ct. 2330, 45 L. Ed. 2d 272, 1975 U.S. LEXIS 75 (1975).

Although a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice, see Friends of the Earth Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 189, 145 L. Ed. 2d 610, 120 S. Ct. 693 (2000), a case should be dismissed as moot if the defendant demonstrates that: (1) "there is no reasonable expectation that the alleged violation will recur; and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642, 1979 U.S. LEXIS 79 (1979); Campbell v. Greisberger, 80 F.3d 703, 705-06 (2d Cir. 1996). "When both these conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." Davis, 440 U.S. at 631.

Here, plaintiff has not commenced this case as a class action and has not sought damages. Plaintiff claims only that HRA's lien "against the proceeds of any recovery from the plaintiff's personal injury lawsuit" violates Federal law. See Complaint ¶ 5-7. Consequently, plaintiff has filed this action seeking "a declaration that the claims made by [HRA] violate federal law and an injunction directing [HRA] to amend its claimed lien to specifically limit the lien to the infant plaintiff's recovery for special damages in the form of past medical costs." See id. at ¶ 7.

As explained above, based upon the recent Ahlborn decision, HRA will collect the funds expended for Medicaid benefits on plaintiff's behalf only from the portion of plaintiff's settlement that represents medical costs, due to the Supreme Court's recent decision in Ahlborn. Thus, as to plaintiff's claims in his complaint there is now no reasonable expectation that the wrong will be repeated. Furthermore, as the proceeds of plaintiff's settlement have been held in escrow, plaintiff has not yet paid HRA any amount of the settlement. HRA's decision to narrow the lien has, therefore, eradicated the effects of the alleged violation. Consequently, plaintiff's claims in this case have been

rendered moot and there is no reason for the Court to enter a declaratory judgment concerning the proper extent of the Medicaid lien asserted by HRA against plaintiff's settlement.

### Determination of plaintiff's medical costs to be collected by HRA

Finally, in Ahlborn, the Court recognized "the risk of settlement manipulation" and suggested state or municipal participation in settlement negotiations and "submitting the matter to a court for decision." Ahlborn, 2006 U.S. LEXIS 3455, at *35. As the plaintiff's settlement currently does not allocate any portion of the proceeds to medical expenses and other categories of damages, HRA respectfully requests that the Court direct plaintiff to move in New York State Supreme Court for an allocation hearing, at which time HRA shall be permitted to appear and argue, with regard to the proper allocation of the settlement proceeds.

Respectfully,

Kimberly Conway (KC 1036)
Assistant Corporation Counsel

cc: Mitchell Gittin, Esq.