*Law Offices of*
*Fitzgerald & Fitzgerald, P.C.*
*538 Riverdale Avenue*
*Yonkers, New York 10705*

———

*(914) 378-1010*
*fax(914) 378-1092*

May 25, 2006

**By Facsimile 212-805-7912 & ECF**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street, Room 1030
New York, New York 10007

    Re:    Sanchez v. City of New York
            05 CV 5466 (JGK)

Dear Judge Koeltl:

    Fitzgerald & Fitzgerald represents plaintiff in the above matter.

    The Court has requested letter briefs addressing the impact of the Supreme Court's May 1, 2006 opinion in *Arkansas Dept. of Health and Human Services v. Ahlborn*, 2006 WL 1131936 (U.S.) on the subject case.

    Plaintiff respectfully submits that *Ahlborn* requires that the plaintiff's summary judgment motion be granted, and requests the Court to enter judgment "declaring that defendant's Medicaid lien encumbers only so much of the plaintiff's tort recovery as may be allocated to damages for past medical expenses." (*See* Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment at 11-12.)

    That recovery was for a lump sum with no allocation having been made between the infant plaintiff and the tortfeasor hospital. Therefore, a hearing is required to determine what portion of the recovery is reasonably allocated to past medical expenses. Plaintiff requests that a hearing on this issue be held in this Court.

    In *Ahlborn* the Supreme Court held that "Arkansas' statute finds no support in the federal third-party liability provisions, and in fact squarely conflicts with the anti-lien provision of the federal Medicaid laws." 2006 WL 1131936 at *7. The Arkansas statutory scheme, set out in Ark.Code Ann §§ 20-77-301 through 20-77-309 and quoted in *Ahlborn* at *7, is indistinguishable from New York's parallel assignment and subrogation provisions, Soc. Serv. L. § 366(4)(h)(1) and 367-a(2)(b) as interpreted by the New York Court of Appeals in *Calvanese v. Calvanese*, 93 N.Y.2d 111, 688 N.Y.S.2d 479 (1999).

It is respectfully submitted that *Ahlborn* invalidates the central holding in *Calvanese*, because New York's law is in conflict with the federal anti-lien statute, 42 U.S.C. § 1396p(a)(1).

A brief review of the Arkansas Medicaid assignment and lien law, as discussed in *Ahlborn* demonstrates that the statutes there invalidated by the Supreme Court are equivalent to the parallel New York statutes, at least as they have been heretofore interpreted and applied by the New York Court of Appeals in *Calvanese, supra, Cricchio v. Pennisi*, 90 N.Y.2d 296, 660 N.Y.S.2d 679 (1997) and *Gold ex rel. Gold v. United Health Services Hospitals, Inc.* 95 N.Y.2d 683, 691, 723 N.Y.S. 2d 117 (2001) ("[Medicaid] agencies have broad authority under [S.S.L. § 366 (4)(h)(1), § 367-a(2)(b) and 18 NYCRR 360-7.4 (a)(4), (6)] to satisfy the lien from the entire amount of the personal injury judgment or settlement.")

In Arkansas, a Medicaid recipient "automatically assign[s] his or her right to any settlement, judgment, or award which may be obtained against any third party to [the Arkansas Department of Health Services] to the full extent of any amount which may be paid by Medicaid for the benefit of the applicant." Ark.Code Ann. § 20-77-307(a)

Under New York Soc. Serv. L. §366(4)(h)(1) "a [Medicaid] recipient . . . shall be required . . . to assign to the appropriate social services official or the department. . . .: (i) any benefits which are available to him or her individually from any third party for care or other medical benefits. . ." There is no difference between "any settlement, judgment or award" which an Arkansan may recover from a third party tortfeasor and which is assigned to that State, and "any benefits" which a New Yorker may obtain through a tort recovery which is similarly assigned.

The assignment of rights under Ark.Code Ann. § 20-77-307(a) to the state by a Medicaid recipient "shall be considered a statutory lien on any settlement, judgment, or award received. . . from a third party." *Id.* § 20-77-307(c). This is indistinguishable from New York's provision that "[i]f a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount. . . " Soc. Serv. L. § 104-b(1).

The Arkansas statute provides that "[w]hen an action or claim is brought by a medical assistance recipient. . . , any settlement, judgment, or award obtained is subject to the division's claim for reimbursement of the benefits provided to the recipient under the medical assistance program." Ark.Code Ann. § 20-77-302(a).

In New York, when a Medicaid recipient sues to recover tort damages, "the social services district or the department will be subrogated, to the extent of the expenditures by such district or the department, to any rights the recipient may have to medical support or third party reimbursement." 18 N.Y.C.R.R. 360-7.4(6).

Hon. John G. Koeltl
May 25, 2006
Page 3

    Clearly, there is no difference between the laws enacted by Arkansas and by New York intended to put into effect the assignment and subrogation mandates of Title XIX of the Social Security Act as set out in 42 U.S.C. §§ 1396k(a)(1) and 1396a(a)(25)(H).

    In *Ahlborn,* the Supreme Court unanimously disallowed Arkansas' claim of "an entitlement to more than just that portion of a judgment or settlement that represents payment for medical expenses," 2006 WL 1131936 at *6, because such a claim is in conflict with the federal anti-lien statute § 1396p(a)(1) ("No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf" with exceptions not herein applicable).

    The affirmance in *Ahlborn* fully endorsed the rationale of the Eighth Circuit opinion in *Ahlborn v. Arkansas Dept. of Social Services,* 397 F.3d 620 (2005). In the present case, the defendant City argued, in opposition to the plaintiff's motion for summary judgment, that the Eighth Circuit's ruling did not avail the plaintiff, for two reasons. First, the City argued, New York and Second Circuit precedents (including *Cricchio, Calvanese* and *Sullivan v. County of Suffolk,* 174 FD.3d 282 (2d Cir. 1999) *cert denied,* 528 U.S. 950 (1999)) were contrary to the Eighth Circuit's *Ahlborn* decision. Second, the City sought to distinguish the facts here from those in *Ahlborn.* See Deft. Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, at 12-14.

    On the first ground, based upon the foregoing it is clear that *Ahlborn* restricts the City's Medicaid lien to third party "payments that may constitute reimbursement for medical costs":

> There is no question that the State can require an assignment of the right, or chose in action, to receive payments for medical care. So much is expressly provided for by §§ 1396a(a)(25) and 1396k(a). And we assume, as do the parties, that the State can also demand as a condition of Medicaid eligibility that the recipient "assign" in advance any payments that may constitute reimbursement for medical costs. To the extent that the forced assignment is expressly authorized by the terms of §§ 1396a(a)(25) and 1396k(a), it is an exception to the anti-lien provision. See *Washington State Dept. of Social and Health Servs. v. Guardianship Estate of Keffeler,* 537 U.S. 371, 383-385, and n. 7, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003). But that does not mean that the State can force an assignment of, or place a lien on, any other portion of Ahlborn's property. As explained above, the exception carved out by §§ 1396a(a)(25) and 1396k(a) is limited to payments for medical care. Beyond that, the anti-lien provision applies.

2006 WL 1131936 at *9.

When, as in the present case, it cannot be determined how much of the funds paid by the settling tortfeasor constitute damages for past medical expenses, the "right, or chose in action, to receive payments for medical care" assigned by the Medicaid beneficiary must somehow be quantified.

The plaintiff's complaint seeks a declaration that the defendant's Medicaid lien violates due process "to the extent that the lien is claimed by the city to exceed such portion of the plaintiff's tort recovery which is or may be allocated to recovery for past medical expenses."

In *Ahlborn,* the plaintiff sought a declaration "that the lien violated the federal Medicaid laws insofar as its satisfaction would require depletion of compensation for injuries other than past medical expenses." *Id.* at *4.

The second ground upon which the City sought to avoid the consequences of *Ahlborn* was to posit a distinction between its facts and those in the present case. The City pointed out that "the parties in *Ahlborn* had entered into a stipulation regarding the allocation of the Medicaid recipient's settlement proceeds, and agreed that a certain percentage of the settlement constituted payment for past medical care." *See* Deft. Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment at 13.

That argument overlooks the fact that the stipulation was entered after Ahlborn's declaratory judgment was filed ("facilitat[ing] the District Court's resolution of the legal questions presented," according to the Supreme Court, WL 1131936 at *4) and the fact that the allocation was not arbitrary, but rather reduced the lien (in the event Ahlborn were to obtain declaratory judgment) to approximately one-sixth of the actual Medicaid expenditures, reflecting Ahlborn's recovery by settlement of approximately one-sixth of the reasonable value of her tort claim. Id.

There is no concern in this case of any "manipulation" of the plaintiff's settlement with the negligent hospital, a situation which *could* exist were an injured plaintiff and a tort defendant to collude to "allocate" an unrealistically small amount of a settlement to the plaintiff's claim for past medical costs.

There will be no "manipulation" here because the City will participate in the hearing to allocate that portion of the total recovery obtained which represents compensation for past medical costs. The City objected to an allocation hearing before the state court judge who entered the infant's compromise order and who thereafter directed the disputed funds (in the amount of the claimed Medicaid lien) to be held in escrow pending determination of the instant declaratory judgment action.

Assuming that the infant plaintiff herein settled his future lost earnings, future medical care and past and future pain and suffering claims for one-third of their actual value (using as a benchmark amounts which New York's Appellate Division, First Department, courts would sustain as reasonable compensation) based upon the uncertainties of establishing liability at trial,

it is reasonable to conclude that he settled his past medical expenses damages claim for a comparable fraction of its actual value.

At a hearing both parties in interest with respect to the Medicaid lien may present evidence including, if so advised, expert testimony to provide a basis for the Court to determine what portion of the lump sum settlement funds represents damages for past medical costs.

If permitted by the Court, the plaintiff will make a further written submission in response to the letter brief of the defendant City. The parties understand that the Court's May 1, 2006 order and the deadline extension endorsement order call for contemporaneous service and filing of the parties' letter briefs.

Respectfully submitted,

Mitchell Gittin (MG2222)

MLG/JMD/hrc

cc: Asst. Corp. Counsel Kimberly Conway
100 Church Street
New York NY 10007
By facsimile: 212-788-0877

\\rhino\TrialWorks\CaseFiles\10575\Correspondence\JMDREVDltrtoJUDGEKOELTL-052506.doc