*Law Offices of*
***Fitzgerald & Fitzgerald, P.C.***
*538 Riverdale Avenue*
*Yonkers, New York 10705*

-------

*(914) 378-1010*
*fax (914) 378-1092*

May 31, 2006

**By Facsimile 212-805-7912 & ECF**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street, Room 1030
New York, New York 10007

    Re:    Sanchez v. City of New York
            05 CV 5466 (JGK)

Dear Judge Koeltl:

    Fitzgerald & Fitzgerald represents plaintiff in the above matter. We write in reply to Asst. Corp. Counsel Kimberly Conway's letter of May 25, 2006, wherein the City argues that this action is rendered moot by its decision to comply with the change in New York law effectuated by the Supreme Court's decision in *Ahlborn*.

    The plaintiff submits that the action is not moot, and that the Court retains subject matter jurisdiction over a genuine dispute between the parties, specifically, what portion of the plaintiff's personal injury case settlement represents past medical costs. The City's decision to "narrow the lien" is not equivalent to "eradicat[ing] the effects of the alleged violation." (Conway Letter at p. 2) The ongoing violation of the plaintiff's rights will not terminate until the amount by which the lien must be reduced is determined, since the plaintiff does not have access to those funds, which are being held in escrow.

    The City recognizes that an "allocation hearing" must be held, but prefers that the hearing take place in State Supreme Court. That preference has no bearing on this Court's subject matter jurisdiction, because the need for a hearing demonstrates that while the legal question of the "scope" of the Medicaid lien is no longer disputed, factual issues remain. Thus, under the present circumstances it may not be said "that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Cf. Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed2d 642 (1979).

    "The burden of demonstrating mootness 'is a heavy one.'" *Id.*, quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed.1303 (1953). The City has not carried that burden because even if it is no longer intent on violating federal law, that branch of

Hon. John G. Koeltl
May 25, 2006
Page 2

plaintiff's complaint which seeks an injunction "to specifically limit the lien to the infant plaintiff's recovery for special damages in the form of past medical costs," (Complaint ¶ 7) addresses a genuine and concrete dispute, requiring judicial resolution.

That another forum may be capable of resolving the controversy between the parties does not support the conclusion that there is no actual controversy.

There is no impediment to a prompt allocation hearing before your Honor, whereupon an injunction should issue directing the City to serve an amended notice of lien.

The Court is asked to bear in mind that it was the City that resisted participating in an allocation hearing in state court (at a time when Arkansas' petition for a writ of certiorari from the Eighth Circuit's decision in *Ahlborn* was pending).

The City also signed the July 5, 2005 stipulation in the state court action that provided:

> The proceeds of the above-referenced lawsuit shall be held in escrow by plaintiff's counsel, pending final resolution of the federal lawsuit, Sanchez v. City of New York, 05 CV 5466, pending before the U.S. District Court, Southern District of New York. Upon final resolution of the federal case, plaintiffs shall submit a new infant compromise order to this Court, in compliance with the determination in that case. No monies shall be distributed in the instant case without further order of this Court.

*See* Declaration of Mitchell Gittin in Support of Plaintiff's Motion for Summary Judgment, Exhibit 2; copy attached for the Court's convenient reference.

Finally, although a claim for damages is not alleged in the Complaint, the plaintiff has sustained continuing loss in the form of denial of access to his property (and consequent lost interest on that portion of the lien which exceeds the to-be-apportioned amount for past medical expenses.)  The Court may take this into account in fashioning injunctive relief.

Respectfully yours,

Mitchell Gittin (MG2222)

cc:  Asst. Corp. Counsel Kimberly Conway
     Via fax 212-788-0877

\\rhino\TrialWorks\CaseFiles\10575\Correspondence\ltrtoJUDGEKOELTL-31MAY.doc

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Elim.l Sanchez, an infant by h.,
mother, Natural Guardian, Enilinsanchez
                    Plaintiffs,
           —against—
The Presbyterian Hospital et al
                    Defendants.

INDIVIDUAL ASSIGNMENT PART 6

**STIPULATION**

INDEX NO. 123011/04

MOTION CALENDAR NO.

DATE 7/5/05

IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:

The proceeds of the above referenced lawsuit shall be held in escrow by plaintiff's counsel, pending final resolution of the Federal lawsuit, Sanchez v. City of New York, 05CV5466, pending before the U.S. District Court, Southern District of New York. Upon final resolution of the federal case, plaintiffs shall submit a new infant compromise order to this Court, in compliance with the determination in that case. No monies shall be distributed in the instant case without further order of this Court.

T.C

Date: 07-05-2005

Attorney for Plaintiff — Jason Pelt @ Fitzgerald J Fitzgerald

Attorney for Defendant — Human Resources Administration

'So Ordered.

ENTER: _____
                J.S.C.

HON. EILEEN BRANSTEN

Attorney for Defendant

Ex 2